## Commonwealth v. Dillon.

*Practice—Summary conviction—Appeal—Motion to dismiss—Rule to perfect appeal.*

1. Upon an appeal from a summary conviction, the deposit of a cash bond is not a compliance with the requirements of the Act of July 11, 1917, P. L. 771, that bail with one or more sufficient sureties be entered.

2. Where, upon such an appeal, a cash bond has been accepted, a motion to dismiss the appeal is not proper, but the Commonwealth should rule the appellant to perfect his appeal or to show cause why it should not be dismissed.

Motion to dismiss appeal. C. C. Allegheny Co., 1924, No. 1251.

*R. W. Martin*, City Solicitor, and *W. M. Randolph*, for Commonwealth.

*J. I. Simon*, for appellant.

FOSTER, J., Nov. 22, 1924.—On Sept. 9, 1924, at a hearing before Police Magistrate J. R. Park, the defendant, J. J. Dillon, was convicted of the charge of reckless driving and fined $25. Defendant refused to pay the fine and deposited a cash bond in the sum of $50 for the taking of an appeal from said judgment to the County Court of Allegheny County.

At the hearing on said appeal in the County Court, counsel for the Commonwealth moved to dismiss the appeal on the ground that said defendant had not entered bail for appeal, as required by the act of assembly relating to appeals in cases of summary conviction. It was agreed by counsel, since the witnesses were present in court, to proceed with the trial and then have the court dispose of the motion.

The Act of July 11, 1917, P. L. 771, provides that in the appeal of cases of summary conviction and suits for a penalty: "The fine, or penalty, and costs imposed by the magistrate, or a court not of record, need not be paid if bail is entered with one or more sufficient sureties in double the amount of such fine, or penalty, and costs for the payment thereof, on the refusal of such appeal, or, if allowed, on the final disposal of such appeal."

The case of Hughes *v.* Hughes, 10 Kulp, 85, decided that a deposit of money will not take the place of the statutory recognizance required on appeal from a justice.

The procedure in this case should have been a rule upon the appellant to perfect his appeal within a given time or show cause why it should not be dismissed.

### Order.

And now, to wit, Nov. 22, 1924, the court amends the procedure as followed in this case to such that will meet the practice in applications of this kind, and directs that unless the appellant perfect his appeal within five days of the date of the filing of this order to meet the demands and requirements of the statute, his said appeal shall be dismissed.

From William J. Aiken, Pittsburgh, Pa.